THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZVONKO BASIC,<br><br>  Plaintiff,<br><br>  v.<br><br>THE KROGER CO., dba FRED MEYER STORES, INC.; and NORTHWEST SERVICE ENTERPRISES, INC., an Oregon Corporation, doing business in the State of Washington,<br><br>  Defendants. | CASE NO. C11-2082-JCC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant The Kroger Co.'s motion for summary judgment (Dkt. No. 26). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.   BACKGROUND**

Plaintiff Zvonko Basic bought a fully-assembled bike at a Fred Meyer store in Bellingham, Washington. (Dkt. No. 15 at 2 ¶ 3.1.) The bike had been assembled on-site, at the Fred Meyer store, by Bill Martin, an employee of Defendant Northwest Service Enterprises, Inc., an independent contractor with whom Fred Meyer had contracted to assemble bikes it sold in its store. (*Id.* at 2 ¶ 1.4, 3 ¶ 3.8; Dkt. No. 27 Ex. 4 at 32:7–12; Dkt. No. 28 ¶ 3.) Basic alleges that

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
PAGE - 1

when he went to ride the bike for the first time, "the front wheel of the bicycle suddenly turned . . . ninety degree[s]," which "caused the bicycle to come to a complete stop" and "caused [him] to be launched forward off the front of the bicycle onto the pavement." (Dkt. No. 15 at 2 ¶¶ 3.4–3.5.) A loose quill stem bolt, which secures the handlebars to the stem of the bike, allegedly caused the faulty wheel rotation. (*Id.* at 3–4 ¶ 3.6; Dkt. No. 27 Ex. 3 at 27.)

Basic sued Kroger (Fred Meyer's parent company) and Northwest for negligence. He alleges that Martin was negligent in failing to tighten the quill stem bolt, Martin was an "agent" of Fred Meyer, and so both Kroger and Northwest are vicariously liable for the harm caused by Martin's alleged negligence. (Dkt. No. 15 at 3 ¶¶ 3.7–3.9, 3.14.) He also alleges that Fred Meyer employees "failed to properly supervise the assemblage of the bicycle and failed to inspect the bicycle[] before [it] w[as] sold to determine whether [it] w[as] safe for . . . use," and that Fred Meyer is vicariously liable for those employees' alleged negligence. (*Id.* at 3 ¶ 3.12, 3.14.)

## II.  DISCUSSION

Kroger moves for summary judgment. It argues that there is no evidence that Kroger or its employees were negligent in connection with the assemblage or sale of the bike, and that there is no agency relationship between Fred Meyer and Northwest or Martin that would make Kroger vicariously liable for Martin's alleged negligence.

### A.  Summary Judgment Standard

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); *see* Fed. R. Civ. P. 50(a) (court may grant judgment as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue"). The party moving for summary judgment has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. "[E]vidence [is sufficient] to raise a fact question . . .

[where,] in its entirety[,] [it] would rationally support a verdict for the [the party offering it], assuming a view of the evidence most favorable to [him]." *Bieghler v. Kleppe*, 633 F.2d 531, 533 (9th Cir. 1980). "The evidence is insufficient [to create an issue of fact] if the strongest inference to be drawn [from it] . . . is that defendant's negligence could possibly have been the cause of the accident." *Id.* (citations omitted); *see Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341, 345–46 (9th Cir. 1978); *Wolf v. Reynolds Elec. & Eng'g Co.*, 304 F.2d 646, 649 (9th Cir. 1962) ("The verdict of a jury cannot rest on guess or speculation.").

### B. Basic's Opposition to Kroger's Motion

Basic responds to Kroger's motion by requesting leave to amend his complaint to allege an agency relationship between Fred Meyer and Martin. But Basic's first amended complaint already alleges this: "The bicycle in question was assembled by employees or agents of the Fred Meyer Store or at the direction of the Fred Meyer Store." (Dkt. No. 15 at 3 ¶ 3.7.) The Court thus denies Basic's motion to amend and instead considers whether there is a genuine issue of material fact as to this alleged agency relationship. There is not.

"It is the right to control another's physical conduct that is the essential and oftentimes decisive factor in establishing vicarious liability whether the person controlled is a servant or a nonservant agent." *Massey v. Tube Art Display, Inc.*, 551 P.2d 1387, 1390 (Wash. Ct. App. 1976). "An independent contractor, on the other hand, is generally defined as one who contracts to perform services for another, but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in performing the services." *Id.*; *see Hartford Fire Ins. Co. v. Leahy*, 774 F. Supp. 2d 1104, 1118 (W.D. Wash. 2011) ("control over the means, as opposed to the result of the individual's work, [i]s central to the determination"). Here, there is no evidence that Fred Meyer controlled or had the right to control the means by which Martin performed his bike assemblage work. Martin merely showed up at the Fred Meyer store approximately once a week and was left alone to "do [his] thing," with his own tools. (Dkt. No. 27 Ex. 4 at 33:13–19; 34:23–35:5, 37:11–13.) He was an independent contractor: Fred Meyer

controlled only the *result* of his work, by paying Northwest for each bike Martin assembled. (*Id.* at 35:21–24.) Because there is no genuine issue of fact material to the question whether Martin was an agent of Fred Meyer, the Court GRANTS summary judgment for Kroger on Basic's claim that Kroger is vicariously liable for Martin's alleged negligence.

### C. Northwest's Opposition to Kroger's Motion

Northwest also opposes Kroger's motion. It points the Court to the testimony of Basic's son and wife, who were at the store with Basic for the bike purchase, and who say a Fred Meyer employee "might have" helped them wheel the bike to the front of the store for them. (Dkt. No. 32 Ex. A at 4:17–22, Ex. B at 5:4–8 & 13–16.)[1] Northwest also points to Martin's testimony that he always makes sure the quill stem bolt is "good and tight" (Dkt. No. 32 Ex. C at 5:3–9), and that Fred Meyer employees wheel the bikes Martin assembles out to the display when he is finished assembling them (*id.* at 5:16–18). Northwest argues that this evidence creates a dispute of fact as to whether Fred Meyer employees negligently failed to notice and warn Basic about the loose handlebars. This evidence is insufficient to create a genuine issue of fact. "[T]he strongest inference to be drawn" from it is that a Fred Meyer employee was "possibly" negligent—that he or she *might* have known the handlebars were loose. *Bieghler*, 633 F.2d at 533. But there is not a shred of evidence that any Fred Meyer employee was in fact aware of the defect. A jury finding to that effect would thus necessarily rest on pure "guess or speculation." *Wolf*, 304 F.2d at 649. The Court GRANTS summary judgment for Kroger on Basic's claim that Kroger is vicariously liable for its employees' alleged negligence.

### III. CONCLUSION

For the foregoing reasons, Kroger's motion for summary judgment (Dkt. No. 26) is GRANTED.

---

[1] This testimony conflicts with Basic's. Basic says that the bike "was just there" in the store and he "cho[]se" it and "pushed it right to the cashier." (Dkt. No. 27 Ex. 2 at 14:7–13, 15:15–16:9.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
PAGE - 4

1     DATED this 19th day of February 2013.

                                                         John C. Coughenour
                                                         UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
PAGE - 5